■ NORMAN ABRAMSON, Appellant, v W.R. GRACE & Co., Respondent. — Judgment, Supreme Court, New York County (Gammerman, J.), entered on January 19, 1983, granting summary judgment to the defendant and dismissing plaintiff's complaint, unanimously reversed, on the law, with costs, and defendant's motion for summary judgment denied. Appeal from the order of said court entered on December 30, 1982 granting the aforesaid motion for summary judgment is dismissed, without costs, as having been subsumed in the appeal from the aforesaid judgment. Plaintiff is a former employee of defendant Grace and instituted this action to recover severance pay allegedly due, pursuant to a contract of employment. Among other things, the contract provided: "4) Should your employment with Grace be terminated by Grace or by mutual agreement between you and Grace at any time during the period referred to * * * you will receive severance pay." Special Term found no triable issues of fact and granted defendant's motion for summary judgment. It held that prior to the termination of his written employment contract, plaintiff accepted employment with another employer. He had not been given notice of termination by Grace, but rather was given all the time he needed to find new employment. Plaintiff could have remained in defendant's employ for the balance of the contractual period, but chose to leave. Plaintiff alleged that he had been reassigned to another executive position within defendant. He indicated his dissatisfaction with the reassignment. Subsequently, he met with a senior vice-president and also with a director, each of whom indicated to him his usefulness to Grace lay in the field of his reassignment and that there would be no further opportunities for advancement for him with the company since he had reached the top position in the field at Grace. He was encouraged to seek another position if his dissatisfaction continued. When plaintiff admitted to his direct superior that he was looking for other employment, he was told to take all the time he needed. These allegations are not substantially controverted by defendant, other than to point out that the vice-president and the director to whom plaintiff had spoken had no direct authority over him and had no authority to hire or fire him. Thus, we feel there are issues of fact to be resolved as to whether plaintiff's employment was terminated "by mutual agreement" as set forth in paragraph 4 of the employment contract. These must await a trial for determination. Concur — Sullivan, J. P., Ross, Carro, Asch and Bloom, JJ.